United States District Court
Southern District of Texas
**ENTERED**
July 15, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIRGEN JASSO ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1810 |
| | § | |
| RANDALL WHITE, GREG HANSON | § | |
| d/b/a GREG HANSON TRUCKING, | § | |
| GREG HANSON TRUCKING, INC., | § | |
| and MARIA TELLES, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

In this action arising out of a vehicle collision, Virgen Jasso Espinoza ("Plaintiff") alleges negligence claims against the driver of her vehicle, Maria Telles, the driver of the other involved vehicle, Randall White, and White's employers, Greg Hanson d/b/a Greg Hanson Trucking and Greg Hanson Trucking, Inc.[1]  Pending before the court are Defendant/Cross-Plaintiff Maria Telles' Motion to Remand ("Telles' Motion to Remand") (Docket Entry No. 6) and Plaintiff, Virgen Jasso's Motion to Remand ("Plaintiff's Motion to Remand") (Docket Entry No. 8).  The Hanson Defendants removed the

---

[1]Plaintiffs' Original Petition ("Petition"), Exhibit 2 to Defendants Randall White, Greg Hanson d/b/a Greg Hanson Trucking, and Greg Hanson Trucking, Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-11, pp. 5-7.  Randall White, Greg Hanson, and Greg Hanson Trucking, Inc. are collectively referred to as "the Hanson Defendants."  All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

action to this court on the basis of diversity jurisdiction. They argue that Telles — a Texas citizen — is improperly joined as a defendant. Because the Hanson Defendants have not shown that Plaintiff lacks a viable negligence claim against Telles, the motions to remand will be granted, and this action will be remanded to the 165th Judicial District Court of Harris Country, Texas.

## I.  **Background**

On June 2, 2022, White — working for Hanson and Greg Hanson Trucking, Inc. — and Telles were driving and collided.[2]  Plaintiff was a passenger in Telles' vehicle at the time and alleges that she suffered injuries.[3]

According to Plaintiff's Motion to Remand, Plaintiff and Telles "engaged the Law Office of Rogelio Solis [Plaintiff's current counsel along with Daniel Sorrells] to pursue a claim for injuries resulting from this accident after having been released by prior counsel."[4]  On August 25, 2023, Lino Ochoa (Telles' current counsel) sent a letter of representation to the Hanson Defendants.[5]

---

[2]Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-11, p. 4 ¶¶ 11-12; Defendants Randall White, Greg Hanson d/b/a Greg Hanson Trucking, and Greg Hanson Trucking, Inc.'s Original Answer to Plaintiff's Original Petition and Jury Demand, Docket Entry No. 3, pp. 2-3 ¶¶ 11-12.

[3]Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-11, p. 4 ¶¶ 12-13.

[4]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1 ¶ 2.

[5]August 25, 2023, Correspondence, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-4, p. 1.

Based on Ochoa's letter, the Hanson Defendants' insurer asked Sorrells to confirm whether he was still representing Telles.[6] Sorrells responded that "Lino [Ochoa] is lead counsel.  We are working in this case with him."[7]

Plaintiff's Motion to Remand states that "once the undersigned counsel [Solis and Sorrells] obtained a copy of the police report and correspondence from [the Hanson Defendants' insurer], it became apparent that there was a conflict of interest between Maria Telles and [Plaintiff].  Around August 2023, the Law Office of Rogelio Solis terminated its contract with Maria Telles[.]"[8]

On March 27, 2024, Plaintiff, represented by Solis and Sorrells, filed the Petition, alleging negligence claims against all defendants.[9]  The Petition alleges:

> On or about June 2, 2022, Plaintiff [] was a passenger in a vehicle operated by Defendant MARIA TELLES that was in a motor vehicle accident with a tractor and trailer operated by Defendant RANDALL WHITE on the northbound frontage lane of 11400 Gulf Freeway in Harris County, Texas.  At the time of the collision, <u>MARIA TELLES was travelling north in the right lane of Gulf Freeway when Defendant, RANDALL WHITE, operating a 2019 Vovo Tractor and towing a trailer travelling in the left lane</u>

---

[6]August 29, 2023, Correspondence, Exhibit A-4 to Notice of Removal, Docket Entry No. 1-5, p. 1.

[7]<u>Id.</u>

[8]Plaintiff's Motion to Remand, Docket Entry No. 8, pp. 1-2 ¶ 2.

[9]Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-11, pp. 1, 5-7, 9-10.

<u>unexpectedly and abruptly turned into the right lane
where both vehicles collided.</u>[10]

The Petition alleges that Telles was negligent in "[f]ailing to
take proper evasive action" and "[f]ailing to maintain a proper
lookout[.]"[11]

On April 24, 2024, Telles, represented by Ochoa, filed
Defendant/Cross-Plaintiff Maria Telles' Original Answer and
Cross Claim ("Telles' Answer and Cross Claim"), asserting a general
denial of Plaintiff's allegations and alleging negligence claims
against the Hanson Defendants.[12]

The Hanson Defendants removed the action to this court on the
basis of diversity jurisdiction, arguing that Telles — a citizen of
Texas — is improperly joined.[13]   Telles and Plaintiff filed their
motions to remand, and the Hanson Defendants responded.[14]

---

[10]<u>Id.</u> at 4 ¶ 12 (emphasis added).

[11]<u>Id.</u> at 7 ¶ 21.

[12]Telles' Answer and Cross Claim, Exhibit 5 to Notice of
Removal, Docket Entry No. 1-11, p. 20 ¶ 1, pp. 23-25 ¶¶ 13-18,
p. 28.

[13]Notice of Removal, Docket Entry No. 1, p. 2 ¶¶ 9-13, p. 4
¶ 18; Petition, Exhibit 2 to Notice of Removal, Docket Entry
No. 1-11, p. 3 ¶ 6.

[14]Telles' Motion to Remand, Docket Entry No. 6; Plaintiff's
Motion to Remand, Docket Entry No. 8; Defendants Randall White,
Greg Hanson d/b/a Greg Hanson Trucking, and Greg Hanson Trucking,
Inc.'s Response to the Motions to Remand of Virgen Jasso Espinoza
and Maria Telles ("The Hanson Defendants' Response"), Docket Entry
No. 11.

## II. <u>Removal and Improper Joinder</u>

Under 28 U.S.C. § 1441(a)[15] a defendant may remove a state court civil action to federal district court if the court has original jurisdiction. <u>Gasch v. Hartford Accident & Indemnity Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007). "The district courts shall have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).[16]

A court disregards the citizenship of improperly joined defendants. <u>See</u> <u>International Energy Ventures Management, L.L.C.</u> <u>v. United Energy Group, Ltd.</u>, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder "may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" <u>Cumpian v. Alcoa World Alumina, L.L.C.</u>, 910 F.3d 216, 219 (5th Cir. 2018). In either case, the removing party bears the burden of proving improper joinder. <u>Madison v. Vintage Petroleum, Inc.</u>, 114

---

[15]Title 28 U.S.C. § 1441(a) states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[16]"As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.'" <u>Gasch</u>, 491 F.3d at 281. "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." <u>Id.</u> at 281–82.

F.3d 514, 516 (5th Cir.), as amended on denial of reh'g and reh'g en banc (July 10, 1997).  To show that the plaintiff is unable to state a claim against the nondiverse party, the removing party must conduct a Rule 12(b)(6)-type analysis.  See IEVM, 818 F.3d at 199-200.  The Fifth Circuit has held that the federal pleading standard applies to this analysis.  Id. at 200.

"To determine whether removal of [the] case was proper, the Court looks to the plaintiff's state court pleadings at the time of removal."  Lopez v. United Property & Casualty Insurance Co., 197 F.Supp.3d 944, 947 (S.D. Tex. 2016) (citing Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939)).  The court therefore cannot consider new claims added against nondiverse defendants after removal. Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999). But an amended pleading "can be considered to the extent [that it] 'clarif[ies] or amplif[ies] the claims actually alleged' in the removed pleading."  Palmquist v. Hain Celestial Group, Inc., 103 F.4th 294, 303 (5th Cir. 2024) (quoting Griggs, 181 F.3d at 700).

### III.  Analysis

The Hanson Defendants argue that Telles is improperly joined because (1) Plaintiff has failed to state a claim against Telles and (2) Plaintiff has no intention of recovering from Telles.[17]

---

[17]The Hanson Defendants' Response, Docket Entry No. 11, pp. 2-3 ¶ 4; Notice of Removal, Docket Entry No. 1, p. 5 ¶ 21.

**A.   Whether Plaintiff Has Failed to State a Claim Against Telles**

The Hanson Defendants argue that the Petition "does not state a specific factual basis for a potential recovery against Telles" and that Plaintiff's "allegations are broad and boilerplate, claiming Telles failed to exercise ordinary care in one or more of the following respects: a. Failing to take proper evasive action; b. Failing to maintain [a] proper lookout[.]"[18] Read in isolation, these allegations may not satisfy the Rule 8 federal pleading standard. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). But read together with the Petition's factual description of the collision, they are sufficient to allege a negligence claim against Telles.

In Texas, "[t]he elements of a common-law negligence claim are (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." <u>Elephant Insurance Co., LLC v. Kenyon</u>, 644 S.W.3d 137, 144 (Tex. 2022). The Petition alleges that Plaintiff was a passenger in Telles' vehicle and that Telles "had a duty to exercise ordinary care and operate [her] vehicle reasonably[.]"[19] The Petition alleges that White's vehicle moved into Telles' lane and that Telles breached her duty by not

_____

[18]The Hanson Defendants' Response, Docket Entry No. 11, pp. 2-3 ¶ 4.

[19]Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-11, p. 4 ¶ 12, p. 7 ¶ 21.  The Hanson Defendants argue that Plaintiff, as a willing passenger, cannot allege a negligence claim against her driver, but they do not cite any Texas authority for this rule.  Notice of Removal, Docket Entry No. 1, p. 4 ¶ 18.

-7-

maintaining a proper lookout and not taking evasive action.[20]
Finally the Petition alleges that Plaintiff suffered physical
injuries from the collision.[21]  Although Plaintiff's allegations are
not detailed, the court is persuaded that the Petition satisfies
the federal pleading standard by alleging facts that, taken as
true, plausibly satisfy the elements of a negligence claim against
Telles.

**B.    Whether Plaintiff Actually Plans to Recover from Telles**

In the alternative, the Hanson Defendants argue that Plaintiff
has no intention of recovering from Telles and that Plaintiff's
counsel is also representing Telles.[22]  The Hanson Defendants do not
cite any authority for how courts analyze such alleged collusion,
but the court, if convinced, could potentially treat it as fraud in
Plaintiff's pleading of jurisdictional facts.

The Hanson Defendants ask the court to infer Plaintiff's
improper purpose based on Plaintiff and Telles originally retaining
the same counsel and the past statement by Plaintiff's counsel that
he was working with Telles' current counsel on the case.[23]
Plaintiff's Motion to Remand argues that her counsel became aware
of the conflict of interest and stopped representing Telles after
obtaining the police report and unspecified correspondence from the

---

[20]Petition, Exhibit 2 to Notice of Removal, Docket Entry
No. 1-11, p. 4 ¶ 12, p. 7 ¶ 21.

[21]Id. at 4 ¶ 13, pp. 7-8 ¶ 23.

[22]Notice of Removal, Docket Entry No. 1, p. 5 ¶ 21.

[23]Id. at 4-5 ¶¶ 20-21.

-8-

Hanson Defendant's insurer.[24]  The Hanson Defendants argue that if there was a conflict, it would have been obvious even without the police report.[25]

Plaintiff has stated a credible reason for alleging a claim against Telles, the recovery of damages from whichever driver is ultimately found to have been at fault.  The Hanson Defendants have not rebutted this reason or shown that Plaintiff, Telles, or their lawyers acted in bad faith.

## IV.  <u>Conclusion and Order</u>

Because the Hanson Defendants have not met their burden of showing that Telles is improperly joined, the court will not disregard Telles' citizenship in evaluating diversity jurisdiction. Because Plaintiff and Telles are both citizens of Texas, the court does not have diversity jurisdiction in this case. Defendant/Cross-Plaintiff Maria Telles' Motion to Remand (Docket Entry No. 6) and Plaintiff, Virgen Jasso's Motion to Remand (Docket Entry No. 8) are therefore **GRANTED**.  This action is **REMANDED** to the 165th Judicial District Court of Harris Country, Texas.  The

---

[24]Plaintiff's Motion to Remand, Docket Entry No. 8, pp. 1-2 ¶ 2.

[25]The Hanson Defendants' Response, Docket Entry No. 11, p. 6 ¶¶ 12-13.

Clerk will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County.

**SIGNED** at Houston, Texas, on this 15th day of July, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE